Mabtist, J.
delivered the opinion of the court. [496]
Hathan Hioholls, an opposing creditor, is appellant from a judgment, which discharges the insolvent from all suits and actions, pending against him, and from all manner of debts, which he may have contracted.
The appellant assigns the following errors:
1. The insolvent did not deposit his boohs in the clerk’s office, as is required by law, when he filed his petition and schedule, but after the return day of the notice to his creditors.
2. Further time was granted to the insolvent, to produce his books, and he was allowed to produce them after the opposition was filed, opposing his discharge.
3. He was allowed to prove the loss of his books, kept by him previous to August, 1838, and to rebut the charge of fraud by ex parte affidavits, hearsay, and other illegal evidence, without allowing the opponent to cross-examine or to make objection.
4. The insolvent was illegally discharged on this ex parte evidence, and without two thirds of the creditors present in court, consenting thereto; and when in fact the only creditor present, opposed it.
5. Ho commissioners were appointed, as is required, by law, when two-thirds of the creditors present are dissatisfied with the immdiate release of the debtor.
6. Ho jury was called to try the question of fraud, which was suggested by the opposition.
I. The Act of March 25,1808, under which the insolvent sought relief, requires, that all his books and accounts shall be deposited in the clerk’s office, ut the time of his application. We nevertheless think, that the court did not err in permitting the appellee to deposit such books and accounts, as he was in possession of, as soon as they were thereafter called for.
II. The necessary time was properly given the insolvent, to produce his books and accounts, notwithstanding the opposition had been filed.
III. There is no charge of fraud alleged in the opposition; the oppo- [497] nent only says, he believes, that the insolvent has omitted to put all his property in the schedule.
The loss of the books and accounts, previous to August, 1838, was proved by the affidavit of the insolvent, at the foot of his petition; and by the ex parte affidavit, hearsay and other evidence, by which a further attempt, to prove the loss, was made, were received without any objection from the appellant.
TV". It does not appear, that any creditor came and opposed the discharge of the insolvent. The record indeed shows, that appellant’s counsel resisted the production of the books and accounts, kept since the 20th October, 1838, and took his bill of exception to the opinion of the court, permitting the insolvent to deposit them on that day; declining a continuance, which was of *670 •fered him, to inspect and examine them. This is the last opposition, that appears to have been made in his behalf. The judgment of the court informs us, that no further opposition being made, the insolvent was discharged.
Y. It does not appear, that any creditor was present to oppose the immediate discharge of the insolvent. The opposing creditors, spoken of in the 6th ■section of the Act of 1808,1 Moreau’s Dig. 569, are not those, who have filed and opposition, but the creditors who are present in court at the time when the immediate discharge is moved for, and express their dissatisfaction therewith. It does not appear, that any creditor was there, and did so; and the judgment states there was none.
VI. There being no allegation of fraud in1 the opposition, there was consequently no necessity of empanelling a jury to try it.
It is therefore ordered, adjudged and decreed, that the judgment of the . commercial court be .affirmed with costs.